EDWARD CHAPMAN, Respondent, *v.* TIMOTHY R. PORTER,
Appellant.

Plaintiff transferred to defendant as collateral security certain premises
in Syracuse known as "Salt Block No. 140" A corporation was organ-
ized for the purpose of consolidating the manufacture of salt, under an
arrangement by which the company was to lease the salt blocks, and to
allot stock to the owners of each block in proportion to its value, each
being allowed to manufacture at prices fixed by the company; it was
optional with the owners; they could lease and not take stock or engage
in the manufacture. Defendant was the owner of other blocks; he
leased them with plaintiff's, and subscribed for and took the stock
allotted to his own and plaintiff's block. In an action for an accounting
and redemption, *held,* that although the subscription for the stock was
optional, yet defendant having accepted the option accorded to the
owner of the block, the case was brought within the general principle
prohibiting a trustee from using the trust property to his private ben-
efit, and he was bound to account for the profits derived therefrom,
which might be regarded as earned by an incidental use of the prop-
erty.

Declarations of defendant were proved to the effect that he intended the
subscription for the stock for the benefit of plaintiff; it was objected
that the declarations were insufficient to impress the stock with a trust
character, for want of consideration. *Held,* that the declarations might
be taken as evidence that the subscription was of a trust character, and
the relation of the parties to the property furnished a sufficient consid-
eration to support the trust.

Also, *held,* that evidence of entries from the books of the corporation
was competent to show the amount of stock issued to the defendant,
and that it included the stock allotted to plaintiff's block.

(Argued April 2, 1877; decided April 10, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of plaintiff, entered upon a verdict.

This action was brought for an accounting, and to compel
plaintiff to satisfy a mortgage, and to re-assign to plaintiff a
State certificate of lands in Syracuse, which plaintiff claimed
to have been executed and transferred by him to defendant
as security for indorsements and advances, and also to assign
to plaintiff a lease of a salt block situate upon the lands des-

cribcd in the State certificate, and to assign certain stock, held by plaintiff, of the Salt Company of Onondaga.

The facts appear sufficiently in the opinion.

*Wm. F. Tracy*, for the appellant.   Defendant did not hold the stock as trustee for plaintiff.   (*Day* v. *Roth*, 18 N. Y., 453; *Steere* v. *Steere*, 5 J. Ch., 1; Story's Eq. Jur., § 973; *Rogers* v. *Murray*, 3 Paige, 390.)

*Daniel Pratt*, for the respondent.   A mortgagee in possession holds the relation of trustee to the mortgagor, and is bound to account for the income and proceeds of the property the same as a trustee to his *cestui que* trust.   (1 Hil. on Mort., 350, §§ 3–5; Perry on Trusts, § 243; 1 Vt., 270; 6 Mad., 11; 12 Ves., 493.)   Trustees cannot use the trust property or their relation to it for their own private benefit.   (Perry on Trusts, §§ 427, 431; 3 S. & G., 193; 3 P. Wms., 251, note *a*; 4 Cow., 417.)

CHURCH, Ch. J.   The question involved in the appeal to this court is whether the defendant is bound to account for the profits upon fifty-one shares of stock in the Onondaga Salt Company, for which it is alleged he subscribed, and upon which he received large dividends.   It is conceded that the defendant held Salt Block No. 140, in Syracuse, belonging to plaintiff, as security for existing and future indebtedness.   He occupied the relation of mortgagee in possession. A plan for consolidating the manufacture of salt under an organization was devised.   The Onondaga Salt Company was incorporated for that purpose.   The scheme was for the company to take leases of salt blocks for a term of years, at a rent of twelve and one-half per cent upon the value of the respective blocks.   The stock of the company was to be allotted to the owners of the blocks, and they were allowed the privilege of manufacturing at prices to be fixed by the company.   The leasing of the works and subscribing for stock and manufacturing salt were not obligatory, nor was

either act dependent upon the others. Persons could lease their blocks, and not take stock or engage in the manufacture of salt. These several acts were voluntary, but it was expected, and the success of the scheme necessarily depended upon a general compliance on the part of the owners of blocks with the plans adopted.

The question was made on the trial whether the defendant subscribed for the stock allotted to block No. 140. He was the owner of several other blocks, and subscribed for a large amount of the stock, and the evidence was sufficient to justify the finding that he did include in the subscription fifty-one shares allotted to this block. The presumption from the evidence is, that he subscribed for all the stock to which he was entitled on account of all the property leased by him to the company, and this block was included in the leases made by the defendant. Although not obliged to subscribe for stock, yet having done so, by virtue of the privilege accorded to the owner of the block, which he held as mortgagee for the defendant, there is great force from that relation alone in the position that he is bound to account for the profits derived therefrom. He may be deemed to have elected to treat the property as entitled to the stock, and the profits may justly be regarded as earned by an incidental use, and as arising out of the use of the property. It stands upon a similar footing as the rent—not as directly, but as consequentially. The defendant had the option to take stock by reason of the title of the block being in him. He accepted the option, and within the general principle that a trustee cannot use the trust property to his private benefit or advantage, he is bound to account. There is other evidence tending to show that the defendant intended that the plaintiff should have the benefit of the stock subscription, and that he treated it as an incident to the property. This evidence consisted of declarations of the defendant to the effect that he intended the subscription of stock for the benefit of the plaintiff. There was a conflict of evidence as to these declarations, but the referee found in favor of the trust, and we

must assume in favor of the evidence put in by the plaintiff as to these declarations, and we are concluded by his decision.

It is objected that these declarations are insufficient to impress the stock with a trust character for the want of a sufficient consideration. (18 N. Y., 448.) The answer to this suggestion is that the declarations may be taken as evidence that the subscription was of a trust character, and if intended as such at the time, the relation of the parties to the property is sufficient as a consideration to support the trust.

If the parties regarded the stock as an incident to the use of the property, the subscription was the means of enjoying that use, and the trust relation would impress the profits with a trust character, the same as other avails derived from the use. The circumstance that the defendant charged the plaintiff with the loss in manufacturing salt for one year under the arrangement with the salt company, tends also to show that all that was done in carrying out the general plan before adverted to in using the property or by reason of it, was done as trustee for the plaintiff. The evidence, taken together, was sufficient to sustain the finding that the defendant subscribed for and held the stock as trustee for the plaintiff. As a question of fact, the finding is conclusive.

The point that the amount of dividends allowed was not justified, cannot be considered. The account, which also embraced many other matters, is not given; and I infer that all the evidence is not in the case. The answer admits the receipt of dividends as alleged in the complaint, and the elements for reviewing the amount of such dividends do not appear. The only question presented is whether the dividends are to be accounted for.

The evidence of entries from the stock-ledger and books of the company was competent to show the amount of stock issued to the defendant, and were proper upon the questions whether such account included stock allotted to the block in

question, and also to show the transactions with the company in respect thereto.

The judgment must be affirmed.

All concur, FOLGER, J., absent, and ANDREWS, J., taking no part.

Judgment affirmed.